### IN RE PETITION OF H. A. KREBS TO VACATE STREET. H. A. KREBS AND OTHERS v. TOWN OF NORTHERN.[1]

December 4, 1942.

No. 33,263.

[1]Reported in 6 N. W. (2d) 803.

*Armond D. Brattland,* for appellant.
*Smith & Nolan,* for respondents.

PIRSIG, JUSTICE.

Petitioners applied to the lower court for and were granted an order vacating a street known as First street. The area here involved is located on the east side of Lake Bemidji in the township of Northern, Beltrami county, Minnesota. It has been platted into two plats, one of which is known as Lakeside Park and the other as Boeing's Subdivision. In these platted areas a street, called for convenience the boulevard, runs north and south, paralleling the lake shore and a short distance from it. First street runs in an easterly and westerly direction, beginning at the lake shore and intersecting the boulevard at a distance of approximately 250 feet from the lake. As originally platted, First street lay between and separated the two platted areas. The portion of First street on the east side of the boulevard was vacated in 1915. This left only the remaining portion between the boulevard and the lake, a distance of approximately 250 feet. It is this portion that is sought to be vacated. About 330 feet south of First street and paralleling it is Second street. This street also runs to the lake, intersects the boulevard, and continues east. The main course of travel is on the boulevard to Second street and then in an eastward direction. For a distance of about 1,000 feet to the north of First street there is no public avenue of approach from the boulevard to the lake shore.

The basis for the claim that the street should be vacated is substantially as follows: First street is not used by anyone in the community. People living there can get to the lake more conveniently by other routes, such as Second street and those streets

at a considerable distance to the north of First street. The town of Northern has done nothing toward keeping it in repair. It has not cut the growing weeds nor removed the accumulated debris. Prior to 1917, there was a boat landing with docks at the shore terminal of First street, but some time later steamboat travel was discontinued, and the street has not been used for that purpose since. Second street, while not now in use west of the boulevard, is better adapted for development. It is a through street. The portion east of the boulevard is in considerable use. It is more convenient to those in the vicinity who desire to reach the lake. The only present use made of First street is by neighbors who come down occasionally during the summer to wash their cars.

Objector, the town of Northern, did not substantially dispute these facts. The two officers of the town testifying based their objection primarily upon the prospect of future use of the street by the public, and of injury to property values in the area if the street were closed.

The statute applicable here is Minn. St. 1941, § 505.14 (Mason St. 1927, § 8244). This provides that the district court may vacate all or any part of a plat, "but streets * * * connecting separate plats or lying between blocks or lots, shall not be vacated between such lots, blocks or plats as are not also vacated, unless it appears that the street * * * or part thereof sought to be vacated is useless for the purpose for which it was laid out." The principles followed by this court under the statute are well and fully stated in In re Petition of Schaller, 193 Minn. 604, 606, 259 N. W. 529, 532, 826. There certain lake shore areas had been dedicated to the public to be used as "a steamboat landing." Later steamboat service was discontinued, and the area was used for recreational purposes. The lower court granted an order of vacation. In reversing, this court said (193 Minn. 614, 259 N. W. 534):

"The present trend of public opinion is directed toward restoring to the public access to our lakes, our parks, and our forests, for recreational and other proper uses. That is why 'the final test is whether the public interests will or will not be best served by

discontinuing the way.' In re Vacation of Part of Town of Hibbing, 163 Minn. 439, 447, 204 N. W. 534, 537, 205 N. W. 613. In Reed v. Village of Hibbing, 150 Minn. 130, 184 N. W. 842, this court held that a plat may be vacated only when it shall be made to appear that such vacation will prove beneficial to the public interests. In the instant case not a single witness claimed that there was any possible benefit accruing to the public by the proposed vacation."

Applying the test so laid down, we cannot sustain the present order. There is no evidence showing that the street "is useless for the purpose for which it was laid out." As held in In re Petition of Schaller, *supra,* the purpose for which the street was laid out cannot be construed as narrowly limited to use in connection with the boat landing there at the time the street was dedicated. Its purpose was rather to provide the public with access to the lake shore at that point for any proper activity. Before it can be vacated, it must appear that the street is useless for that purpose. The evidence shows only that the street is not now used. This is not sufficient. It does not show that the street may not be used in the future. There is evidence to the effect that in the near future there may be greater need for use of the street than now exists. Most of the lake shore lots in the vicinity have been sold to individual owners and are being used. The owners have built fences to keep people from going up and down the beach. Further development of this area will have to take place on land to the rear of the lake shore lots. This development will be affected materially by the extent to which ready access to the lake is afforded.

Moreover, we must not forget that the public includes persons other than those in the immediate vicinity. The general public has a true concern in the recreational facilities offered by the lakes which nature has so freely given us in this state. Their generous sharing by all will make for a healthier and happier people. The many not fortunate enough to be able to acquire the advantages of ownership of lake shore properties should not be deprived of these benefits. This we would do if we permitted

streets leading to the lake shore to be vacated as here proposed.

We are also impressed by the fact that the township in which this property is located is objecting to the vacation. It is the local unit of government which represents the public. To it is entrusted the upkeep and maintenance of local streets and highways. In many states the vacation of streets is left entirely to it. Its desires therefore should carry important weight in determining whether a street should be vacated.

It may well be to the interests of persons whose property adjoins the street that it be vacated. Particularly would it give the Rices, two of the petitioners herein, a substantially longer shore line than they now have. But these are not considerations which the statute contemplates. The street was dedicated to the use of the public, and before it can be vacated it must appear that that use can no longer be served.

It is no answer that Second street is better adapted for development or that it would afford more convenient access to the present public desiring to go to the lake. The town board, which decides what streets shall be improved, may not think so when it comes to making the decision. The question for consideration here is whether First street is useless, not whether some other street is more useful, for the purpose for which it was laid out. The burden of making such a showing has not been met by petitioners.

The motion for an amended finding "that the portion of First Street sought to be vacated is not shown to be useless for the purpose for which it was laid out, but it does afford a means of access for the general public to the lake," and for a conclusion of law that the petition be denied should have been granted. The order denying the same and the ensuing judgment are reversed.