CHURCH OF STS. PETER AND PAUL OF LAKE GEORGE v. TOWNSHIP OF LAKE GEORGE.

89 N. W. (2d) 708.

April 18, 1958—No. 37,218.

*Lauerman & Johnson,* for appellant.
*Gross & Nierengarten,* for respondent.

THOMAS GALLAGHER, JUSTICE.

This is an application by Church of Sts. Peter and Paul of Lake George, Minnesota, a religious corporation, to vacate a portion of Loehr's Addition to the village of Elrosa, described as that part of Robert Street lying south of Third Avenue and extending southerly a distance of 460 feet to the southerly line of the described addition.

As a dedicated public street within Loehr's Addition to Elrosa, Robert Street lies east of and adjacent to blocks one, two, three, and four of such addition and is a connecting thoroughfare for the described blocks. Likewise, it lies between such blocks and blocks one and two of Loehr's Second Addition to Elrosa, as well as a small tract to the south thereof used for public school purposes and situated within the village. To the south of this small tract, which has a frontage of 150 feet on Robert Street, is the farm of Dan Finken which likewise is easterly of and adjacent to Robert Street and has a front footage thereon of 310 feet.

The township of Lake George interposed objections to the application on the ground that the described street was not useless for the purpose for which it was laid out in that not only was it in present use for such purposes, but in all likelihood would be of greater use therefor in the future when lands adjacent thereto and to the east thereof might be platted and subdivided for building purposes.

The evidence disclosed that applicant is the owner of blocks 3 and 4 of Loehr's Addition to Elrosa to the west of the highway sought to be vacated, and likewise is the owner of the tract to the east thereof which was formerly occupied as a public school. If the application to vacate is granted, the portion of Robert Street vacated which lies between a part of block 3 and the former public school tract would vest in its entirety in the applicant. The westerly one-half of the remaining portion of Robert Street sought to be vacated would vest in the applicant and the easterly one-half thereof would vest in Dan Finken. It is the applicant's intention to use the vacated portion vesting in it for playground purposes for children attending its parochial school situated to the west thereof. There was additional evidence to the effect that a substantial portion of blocks 3 and 4, not involved in the vacation proceedings, were presently adaptable and now used for such playground purposes.

The evidence further disclosed that Finken was using the portion of Robert Street sought to be vacated to connect his farm with Third Avenue in Elrosa on which he traveled easterly to reach a part of his farm to the north of the latter avenue. Other evidence was submitted showing that all of Robert Street was used by other members of the public on various occasions.

Both parties agree that the proceedings are governed by M. S. A. 505.14, which provides in part:

"Upon the application of the owner of land included in any plat, * * * the district court may vacate or alter all, or any part, of such plat, and adjudge the title to all streets, alleys, and public grounds to be in the persons entitled thereto; *but streets or alleys connecting separate plats or lying between blocks or lots, shall not be vacated between such lots, blocks, or plats as are not also vacated, unless it appears that the street or alley or part thereof sought to be vacated is useless for the*

*purpose for which it was laid out.*" (Italics supplied.)

The trial court granted the application of petitioner and ordered the described land vacated for street purposes. In its findings and conclusions the trial court determined:

"That the portion of Robert Street sought to be vacated herein does not connect separate plats nor does it lie between any blocks or lots.

\* \* \* \* \*

"That it is in the best interest of the public that said roadway be vacated."

In a memorandum attached to its findings, it stated:

"Although petitioner has failed to establish that the street is 'useless for the purpose for which it was laid out,' vacation is not thus prevented. As the Court construes the application of M. S. A., Sec. 505.14 to this proceeding, vacation must be granted if the facts and circumstances establish that the public interest is best served thereby."

This is an appeal from the judgment entered pursuant to the above findings and conclusions.

It is the contention of the township of Lake George that the part of Robert Street sought to be vacated connects separate blocks of *Loehr's Addition to Elrosa* and likewise lies between a part of *Loehr's Addition to Elrosa* and *Loehr's Second Addition to Elrosa* and that hence the court was without authority to vacate it unless it is "useless for the purpose for which it was laid out."

Applicant on the other hand contends that the part of Robert Street sought to be vacated does not connect separate plats or lie between blocks or lots and hence the only issue for determination was whether it would be in the public interest to vacate the described street; and that, since the entire grade school population of Elrosa attended its school, it was in the public interest to afford such children an adequate playground.

■ It is clear that the trial court was in error in its holding that the portion of Robert Street sought to be vacated does not connect separate plats nor lie between any blocks or lots. The plats submitted in evidence demonstrate beyond question that this part of Robert Street connects

blocks 3 and 4 of *Loehr's Addition to Elrosa* with blocks 1 and 2 thereof, and likewise connects blocks 3 and 4 of *Loehr's Addition to Elrosa* with blocks 1 and 2 of *Loehr's Second Addition to Elrosa*. It is therefore within the classification set forth in § 505.14 designated "streets * * * connecting separate plats or lying between blocks." Accordingly, since the remainder of such plats have not been vacated, before it can be vacated in proceedings under § 505.14 it must be established that it is "useless for the purpose for which it was laid out."

■ It is obvious that the primary purpose for which connecting streets within or between platted areas are laid out and dedicated is to provide a means of ingress to and egress from lots bordering thereon as well as to connect with other streets within such platted areas for the benefit of the owners or residents of such lots and for the general public as well. The owners thereof in particular are entitled to all the easements, privileges, and advantages represented by the plats dedicating such streets for public use. Under § 505.14 the courts are denied authority to vacate any such connecting streets within or between platted areas unless they are no longer useful for the purposes above described.

■ In construing the term "useless for the purpose for which it was laid out" in § 505.14, this court in In re Application of Baldwin to Vacate Lake Street, 218 Minn. 11, 18, 15 N. W. (2d) 184, 187, stated:

"* * * The word 'useless' [as used in] * * * 'useless for the purpose for which it was laid out,' should not be given any restricted meaning. Courts should ascribe to it the well-accepted connotation: 'not serving or not capable of serving any valuable purpose; being of no use; having or being of no use; unserviceable; producing no good end; answering no desired purpose.' Funk & Wagnalls New Standard Dictionary, 1932; Webster's New International Dictionary (2 ed.) 1938."

Likewise, in In re Petition of Krebs to Vacate Street, 213 Minn. 344, 347, 6 N. W. (2d) 803, 804, it was stated:

"* * * the purpose for which the street was laid out * * * was * * * to provide the public with access to the lake shore * * *. Before it can be vacated, it must appear that the street is useless for that purpose. The evidence shows only that the street is not now used. This is

not sufficient. It does not show that the street may not be used in the future. There is evidence * * * that in the near future there may be greater need for use of the street than now exists."

■ In the instant case there is no finding that the street sought to be vacated was useless for the purpose for which it was laid out. A memorandum attached to the findings by the trial court indicates that the applicant here had not established such fact. As stated in the Krebs case (213 Minn. 347, 6 N. W. [2d] 805):

"Moreover, we must not forget that the public includes persons other than those in the immediate vicinity. * * *

\* \* \* \* \*

"It may well be to the interests of persons whose property adjoins the street that it be vacated. * * * But these are not considerations which the statute contemplates. The street was dedicated to the use of the public, and before it can be vacated it must appear that that use can no longer be served.

"* * * The burden of making such a showing has not been met by petitioners."

Here, in the absence of a showing of its uselessness for the purpose for which it was laid out, the street involved could not be vacated by the court under § 505.14.

The judgment appealed from is reversed.