**In the Matter of the Petition of Stanley J. VERBICK and Kathleen Verbick to Vacate.**

**No. C4–99–1360.**

Court of Appeals of Minnesota.

March 7, 2000.

Laurence J. Klun, Brian R. Aho, Klun Law Firm, P.A., Ely, MN, for respondent.

Mark C. Weir, Mark C. Weir Law Office, Tower, MN, for appellants.

Considered and decided by SCHUMACHER, P.J., PETERSON, and ANDERSON, JJ.

## OPINION

G. BARRY ANDERSON, Judge.

Appellants challenge the district court judgment denying their petition to vacate a city street. The district court found that the street remained useful for the purpose for which it was laid out, and denied the petition. Because the district court did not clearly abuse its discretion, we affirm.

## FACTS

Appellants own platted city lots one through ten in Babbitt, Minnesota. Lots one, two, and three are separated from the other seven lots by a semicircular unpaved city street, Iris Lane. Lots five through nine, though now undeveloped and all owned by appellants, have no means of egress but for Iris Lane.

Iris Lane allows access to the adjacent lots for city services such as police, fire, ambulance, and garbage collection. Ditches on either side of Iris Lane drain water from the adjacent lots. The City of Babbitt constructed Iris Lane, and maintains the street by plowing snow, grading the gravel, and attending to waterlines located beneath the street. But in 1993 and 1994, appellants plowed the snow and the city told them that they, appellants, were responsible for maintaining Iris Lane.

Iris Lane is seldom used because all ten lots adjacent to the street are owned only by appellants. Appellants do not use Iris Lane, apart from the portion that leads to their driveway. They understand the street to be their responsibility, and consider Iris Lane an eyesore. Appellants and the city were unable to reach an agreement to voluntarily vacate Iris Lane and appellants thereafter sought vacation of the street under Minn.Stat. § 505.14 (1998).

## ISSUE

Did the district court clearly abuse its discretion by finding that Iris Lane in the City of Babbitt remains useful for the purpose for which it was laid out?

## ANALYSIS

■ The district court determined that Iris Lane remained "useful for the purpose for which it was laid out." Determinations on petitions to vacate platted property are within the sound discretion of the district court and not subject to reversal except for clear abuses of that discretion. *In re Application of Avant–Garde, Inc. to Va-*

*cate,* 481 N.W.2d 379, 381 (Minn.App.1992), review denied (Minn. Apr. 29, 1992). Appellants claim that the district court clearly abused its discretion by finding Iris Lane useful because the original purpose of the street was to provide access to lots one through ten, and because appellants own all of those parcels, the original purpose is no longer served.

■ District courts have statutory authority to vacate all or part of city streets. Minn.Stat. § 505.14 (1998) provides:

> Upon the application of the owner of land included in any plat, * * * the district court may vacate or alter all, or any part, of such plat, and adjudge the title to all streets, alleys, and public grounds to be in the persons entitled thereto; but streets or alleys connecting separate plats or lying between blocks or lots * * * shall not be vacated * * * unless it appears that the street or alley or part thereof sought to be vacated is useless for the purpose for which it was laid out.

Id.

■ The petitioner bears the burden of proving uselessness. *Church of Sts. Peter & Paul of Lake George v. Township of Lake George,* 252 Minn. 209, 213, 89 N.W.2d 708, 712 (Minn.1958). A petitioner's failure to show uselessness is dispositive, requiring denial of the petition. See *id.* The Minnesota Supreme Court has determined that the term "useless" should not be given restricted meaning. Courts are to:

> ascribe to it the well-accepted connotation: 'not serving or not capable of serving any valuable purpose; being of no use; having or being of no use; unserviceable; producing no good end, answering no desired purpose.'

*Id.* (quotation omitted). Evidence merely showing that the street is not presently used is insufficient to show uselessness, because the future may hold a "greater need for use of the street than now exists." *In re Petition of Krebs to Vacate Street,*

213 Minn. 344, 347, 6 N.W.2d 803, 804 (1942); see id.

■ As for a city street's purpose, the Minnesota Supreme Court observed:

It is obvious that the primary purpose for which connecting streets within or between platted areas are laid out and dedicated is to provide a means of ingress to an egress from lots bordering thereon as well as to connect with other streets within such platted areas for the benefit of the owners or residents of such lots and for the general public as well.

*Church,* 252 Minn. at 213, 89 N.W.2d at 711. The supreme court's observations, together with the broad interpretation we give "useless," suggest that the definition of "purpose" in the context of Minn.Stat. § 505.14 likewise deserves latitude. Given the discretion afforded to legislative decisions by a municipality and further given that plats establishing city streets are rarely, if ever, adopted with detailed findings laying out the purposes for specific public streets, this court is justifiably reluctant to find an absence of purpose in a public street.

■ In this case, the city council has made a legislative determination that retention of the public right-of-way is in the best interests of the residents of the city and that Iris Lane remains useful for the purpose for which is was laid out. This court should not lightly tamper with the collective wisdom of a city council that has made a legislative determination of public benefit in refusing to vacate a public street.[1]

Iris Lane remains useful as an alternative traffic route, a means of gaining emergency access to and egress from platted lots abutting Iris Lane, and the city provides and maintains traffic control devices at intersections involving Iris Lane. The record supports these uses. The decision of the district court to deny appellant's petition for vacation of a public street was not a clear abuse of discretion.

Because we find that petitioners have failed to establish that Iris Lane is no longer useful for the purpose for which it was laid out, and thus the petition must fail, we need not address the easement issues discussed by the parties.

## DECISION

The district court did not clearly abuse its discretion by denying the petition to vacate Iris Lane. The evidence supports the conclusion that Iris Lane remains useful for the purpose for which it was laid out.

**Affirmed.**

---

1. Not only must petitioners meet a clear abuse of discretion standard in seeking reversal of the district court's refusal to vacate Iris Lane, a standard we find they did not meet, but also the statutory language imposes additional burdens that we need not reach for purposes of a decision in the present controversy. We leave to another day the permissive language of the statute, which notes only that a district court "may vacate" a street, but "shall" not "unless" it is useless for the purpose for which it was laid out. Minn.Stat. § 505.14.